IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION


CLIFFORD MLINCEK,              )
                              )
          Plaintiff,          )
v.                            )      CIVIL ACTION NO. 05-40
                              )
CC2 TREE TENNANT CORPORATION, )
*et al.*,                     )
                              )
          Defendants.         )


## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Defendants CC2 Tree Tennant Corporation and Compris Hotel Corporation's (collectively, "Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  On July 26, 2003, Plaintiff Clifford Mlincek ("Mr. Mlincek," "Plaintiff") fell when stepping down from a curb in front of Defendants' hotel in Crystal City, Virginia.  Mr. Mlincek alleges that Defendants failed to exercise ordinary care to maintain their property in a reasonably safe condition for his use and that they failed to warn him of an unsafe condition of which they were aware or should have been aware.  *See* Amended Compl. at ¶¶ 7-8.  The legal issues before the Court in resolving this summary judgment motion are (1) whether stepping off a curb at least once prior to slipping and falling off the very same curb constitutes contributory negligence on the part of the plaintiff, because he failed to observe an open and obvious condition, and (2) if so, whether the plaintiff's contributory negligence is a bar for

recovery in a case where the defendants may have been *per se* negligent because they failed to distinguish properly between the sidewalk and the street.  The Court grants Defendants' motion for summary judgment because no dispute of material fact exists that Mr. Mlincek stepped off the very same curb that he injured himself on three times before injuring himself, and that injuring himself on that curb constitutes contributory negligence because he failed to observe an open and obvious condition.  Further, Mr. Mlincek's negligence constitutes a bar to recovery in this case.

## I.  BACKGROUND

Mr. Mlincek traveled by bus from Ohio to Crystal City, Virginia in July 2003 to attend a Korean War Veterans National Association convention.  He arrived at the Double Tree Hotel ("the hotel") in Crystal City on Thursday, July 23, 2003.  On July 26, 2003, at about 4 o'clock in the afternoon on a sunny and dry day, Mr. Mlincek was walking to meet his tourbus to travel to the Kennedy Center for the Arts for an event for veterans.  He exited the hotel, walked down the hotel sidewalk to the public sidewalk, missed the step down, fell and suffered an impact fracture to his left humerus.  No contrasting floor surface, color or handrail was present at the transition between the hotel sidewalk and the private sidewalk.  At the time of his fall, Mr. Mlincek testified at deposition, he was looking straight ahead at the bus.

The tourbus picked up and dropped off passengers at the same location each time that it went to the hotel.  Each time that Mr. Mlincek was dropped off or picked up, he traversed the same route from the hotel to the tourbus and vice versa.  Before July 26, 2003, Mr. Mlincek traversed that route one time when he arrived at the hotel for the first time, a second time on his way to the tourbus on Friday, July 24, 2003, and a third time on his way back from the tourbus to the hotel after the tour on Friday, July 24, 2003.  The time he fell was the fourth time he traversed the route between the bus and the hotel.

In December 2004, Mr. Mlincek filed a motion for judgment in Circuit Court for Arlington County, Virginia, alleging negligent behavior on the part of the defendants and seeking $250,000 in damages.  On January 14, 2005, Defendant CC2 Tree Tennant Corporation filed a notice of removal.  On March 4, 2005, Mr. Mlincek amended his complaint to add Defendant Compris Hotel Corporation.

Defendants filed a motion for summary judgment and a statement of material facts not in genuine dispute on July 1, 2005.  Defendants argue that they are entitled to judgment as a matter of law because Mr. Mlincek was contributorily  negligent because he failed to observe the open and obvious condition of the curb.  Consequently, assert the defendants, Mr. Mlincek is barred from seeking recovery for negligence under Virginia law. *See* Mem. P. & A. Supp. Defs.' Mot. Summ. J. at 2 (citing

3

*Litchford v. Hancock*, 352 S.E.2d 335, 337 (Va. 1987)).
Furthermore, even if the defendants were negligent *per se* because they failed to mark the curb to make it more readily apparent, contributory negligence still bars recovery under Virginia law. *See id.* at 5 (citing *Scott v. City of Lynchburg*, 399 S.E.2d 809, 811 (Va. 1991)).

Plaintiff's response to the motion for summary judgment argues that the record in this case does not establish that he was contributorily negligent. Pl.'s Response Defs.' Mot. Summ. J. at 3. In addition, he seeks to distinguish cases cited by the defendants for the proposition that if a plaintiff is aware of a dangerous condition and is then harmed by the condition, he or she is contributorily negligent and barred from recovery under Virginia law. *See id.* at 2-3; Defs.' Mem. P. & A. Supp. Mot. Summ. J. at 3-4.

## II. DISCUSSION

### A. Standard of Review

Under Rule 56(c), the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *See*

4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1996).  Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  *Anderson*, 477 U.S. at 248.  "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).


**B. Virginia Law Applies**

Virginia's choice of law rules govern this diversity action. *See Klaxon Co. v. Stentor Elec. Mfg., Co.*, 313 U.S. 487, 497-97 (1941) (holding that a federal court in diversity must apply the choice of law rules of the forum state).  Virginia follows the *lex loci delicti* rule; the substantive law of the place of the wrong applies.  *See, e.g., Blair v. Defender Servs., Inc.*, 386 F.3d 623, 625 (4th Cir. 2004).  Since Virginia is where the defendants' alleged negligence occurred, this Court will apply

Virginia substantive law to this case.[1]

## C. Analysis

*Falling off the Curb*

The Court grants Defendants' motion for summary judgment because there is no genuine dispute of material fact that Mr. Mlincek was aware of the existence of the curb and traversed it three times before falling off of it the fourth time. The defendants are entitled to judgment as a matter of law because Mr. Mlincek was contributorily  negligent as a matter of law because stepping on to or off of a curb three times within four days of an accident involving the same curb, means the plaintiff failed to observe an open and obvious condition the fourth time he stepped off the curb. Under Virginia law, a person who injures himself by tripping and falling over an open and obvious condition is guilty of contributory negligence. *Scott*, 399 S.E.2d at 810 (citations omitted). Determination of what constitutes an "open and obvious" condition "may be, under certain circumstances, a jury issue." *Id.* (citing *Crocker v. WTAR Radio Corp.*, 74 S.E.2d 51 (Va. 1953)). When a plaintiff knows of the existence of the condition prior to being injured by it, however, whether a condition is open and obvious is not a jury issue and the plaintiff's conduct constitutes contributory

_____

[1] The Court notes that both parties' briefs relied exclusively on Virginia law.

6

negligence as a matter of law.   *Id.* at 811 ("[W]hen a plaintiff
knows of the existence of a condition but, without any reasonable
excuse, forgets about the condition and falls in, off, or over
it, he is guilty of contributory negligence as a matter of law").
For example, in *Scott v. City of Lynchburg*, the Virginia Supreme
Court held that a woman who was aware of the existence of the
curb where she injured herself but "forgot the curb was there,"
was contributorily  negligent, even though the area was poorly
lighted, the floor and curbing were gray, and there were no
warning signs.  *Id.* at 810.  Similarly, in *West v. City of
Portsmouth*, 232 S.E.2d 763 (Va. 1977), the Virginia Supreme Court
held that a person who injured himself walking on a sidewalk in
bad condition "but with which he was thoroughly familiar" was
guilty of contributory negligence and barred from recovery.  *Id.*
at 766.  Although it can be argued that Mr. Mlincek was not as
familiar with the location of his accident as the plaintiffs in
*West* and *Scott*, who had been there many times before their
accidents, Mr. Mlincek traversed the route at least three times
within the four days before the accident according to his own
deposition testimony.  He walked from the bus to the hotel upon
his arrival at the hotel on Thursday, July 23, 2003, and he
walked from the hotel to the bus and vice versa on Friday, July
24, 2003.  He nagivated the curb with no difficulty on those
three prior occasions.  Forgetting the existence of a dangerous

condition constitutes contributory negligence.  *See Scott*, 399
S.E.2d at 811.  Consequently, the Court holds that Mr. Mlincek
was contributorily  negligent.

*Contributory Negligence is a Bar to Recovery*

The defendants are entitled to judgment as a matter of law
because contributory negligence is a bar to recovery under
Virginia law.  Virginia follows the contributory negligence
approach to negligent acts by a plaintiff; in other words, under
Virginia law, a negligent plaintiff who proximately causes an
accident is barred from recovery.  *See, e.g., Litchford*, 352
S.E.2d at 338. Furthermore, contributory negligence constitutes a
bar to recovery even if the defendant was negligent *per se*. *See
O'Neill v. Windshire-Copeland Assocs., L.P.*, 595 S.E.2d 281, 284
(Va. 2004) (holding that "the defense of contributory negligence
is available when the defendant's violation of a municipal
building code is negligence *per se* and a proximate cause of the
plaintiff's injuries").  Although the defendants dispute that
they were negligent *per se* in this case, even if they were
negligent *per se*, the Virginia Supreme Court would bar Mr.
Mlincek from recovery since he was contributorily negligent as a
matter of law.  *See id.*   Because Mr. Mlincek was contributorily
negligent as a matter of law, the Court grants summary judgment
to the defendants.

### III.  CONCLUSION

The Court finds no genuine dispute of material fact that Mr. Mlincek walked over the curb at least three times without incident and fell a fourth time.  Mr. Mlincek was contributorily neglient because walking over a curb three times with no incident and then walking over it a fourth time and falling constitutes failure to observe an open and obvious condition.  Consequently, the Court grants Defendants' motion for summary judgment because, even if Defendants were negligent *per se*, Mr. Mlincek is barred from recovery under Virginia law.  For the foregoing reasons, it is hereby

ORDERED that Defendants CC2 Tree Tennant Corporation and Compris Hotel Corporation's Motion for Summary Judgment is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this ___22nd____ day of August, 2005.


_____/s/_____
Gerald Bruce Lee
United States District Judge


Alexandria, Virginia
8/22/05

9